Ivan L. O'BRIEN, Claimant
and Appellee,

v.

NORTH DAKOTA WORKMEN'S COMPENSATION BUREAU and Great Plains Supply Company, Respondents and Appellants.

Civ. No. 9033.

Supreme Court of North Dakota.

Oct. 10, 1974.

**380**

Traynor & Rutten, Devils Lake, for claimant and appellee.

David L. Evans and Leonell W. Fraase, Sp. Asst. Attys. Gen., Bismarck, for N. D. Workmen's Compensation Bureau, respondent and appellant.

Pringle & Herigstad, Minot, for Great Plains Supply Company, respondent and appellant.

VOGEL, Judge.

We quote from the appellant Great Plains Supply Company's statement of the case:

"This is an appeal from an order of the District Court, Second Judicial District, Towner County, reversing the decision of the North Dakota Workmen's Compensation Bureau, Case No. 207,111, and holding that Claimant is entitled to additional workmen's compensation benefits for the cerebral vascular hemorrhage suffered by the Appellee on January 15, 1972.

"Claimant had a history of hypertension, with medical treatment for it since 1968. In his work as a carpenter, he sustained an injury on October 5, 1971, while employed by Great Plains Supply Company. While working on a pole barn near Rock Lake, North Dakota, Claimant slipped and fell from the roof of the pole barn sustaining an injury to the low back and a contusion to his kidneys.

"Claimant was permitted by his attending physician to return to work in late December of 1971. On January 15, 1972, while at home and not at work, Claimant had a cerebral vascular hemorrhage which has disabled him completely. His attending physician, Dr. David A. Rinn, M.D., testified that Mr. O'Brien will never be able to lead a productive life again.

"The North Dakota Workmen's Compensation Bureau denied Claimant's claim for benefits resulting from his cerebral vascular hemorrhage sustained on January 15, 1972 because it found no causal connection with Claimant's injury on October 5, 1971.

"The District Court for the Second Judicial District, Towner County, reversed the Bureau's decision, holding that the preponderance of the evidence established a proximate and causal connection between the industrial accident and the subsequent cerebral hemorrhage, that the Bureau's Findings of Fact was not supported by substantial evidence, and that the Bureau's decision was not in accordance with law.

"Appellant, Great Plains Supply Company, as the employer, appeals this decision of the District Court to the North Dakota Supreme Court. The North Dakota Workmen's Compensation Bureau has joined in the appeal."

We first make note of the limited nature of our review. The appellants urge that the district court cannot substitute its judgment for that of the Workmen's Compensation Bureau, and the appellee responds that the district court had a duty to make an independent judgment and was not obligated to be a "rubber stamp." As generalities, both statements are correct.

■ Where the decision of the administrative agency has been reviewed by the district court and an appeal is taken to this court, we do not follow the "clearly erroneous" rule of Rule 52(a), North Dakota Rules of Civil Procedure. Instead, we follow the specific statutory guidelines contained in the Administrative Agencies Practice Act, Chapter 28–32, N.D.C.C., and particularly Section 28–32–19, which were not superseded by the Rules of Civil Procedure. [See Rule 86(b), N.D.R.Civ.P.] Section 28–32–19 provides that the trial court, to which the action of the administrative agency is appealed,

"shall affirm the decision of the agency unless it shall find that such decision or determination is not in accordance with law, or that it is in violation of the constitutional rights of the appellant, or that any of the provisions of this chapter have not been complied with in the proceedings before the agency, or that the rules or procedure of the agency have not afforded the appellant a fair hearing, or that the findings of fact made by the agency are not supported by the evidence, or that the conclusions and decision of the agency are not supported by its findings of fact."

■ We have decided several times, most recently in Suedel v. North Dakota Workmen's Compensation Bureau, 218 N.W.2d 164 (N.D.1974), that the scope of our review of an administrative agency's findings of fact is the same as that of the district court and is

". . . limited to determining whether there is substantial evidence to support the administrative agency's findings of fact." [Quoted from Haggart v. North Dakota Workmen's Compensation Bureau, 171 N.W.2d 104, 105 (N.D.1969).]

■ Questions of law are fully reviewable and conclusions of law are not fortified by the "clearly erroneous" rule. Northwestern Bell Telephone Co. v. Board of Commissioners of City of Fargo, 211 N.W.2d 399 (N.D.1973); Ferguson v. Ferguson, 202 N.W.2d 760 (N.D.1972).

With these rules in mind, we examine the sufficiency of the evidence and the legal questions raised by the appeal.

■ Mr. O'Brien suffered from hypertension which pre-existed his employment with Great Plains. The question before us is whether his work-connected activities aggravated his pre-existing hypertension so as to cause the cardiovascular accident which disabled him.

On October 5, 1971, he was injured at work in a fall. He suffered a low-back injury. He was hospitalized several weeks under the care of Dr. Rinn. It was found that O'Brien had a contusion of the kidney, the existence of which injury is not disputed. He was off work from October 5 to December 27, when he returned to work. During December, prior to his return to work, the objective signs of kidney injury,

such as blood in the urine, disappeared, and an X-ray was negative.

On January 12, O'Brien felt unwell and stayed home, and he did the same on January 14. His stroke, or cardiovascular accident, occurred that night. Dr. Rinn treated him for the stroke from January 15, 1972, to February 10, 1972, at which time O'Brien was referred by Dr. Rinn to Dr. Robert R. Ivers, a neurologist. Dr. Ivers treated him until March 8, and then released him from the hospital.

Dr. Rinn's testimony was taken by deposition. He testified that it was probable that the injury to the kidney caused an increase in blood pressure which in turn caused the cardiovascular accident. Dr. Rinn also indicated that "emotional aspects" resulting from the fall may have contributed to the subsequent cardiovascular accident.

The appellants concede that Dr. Rinn's deposition testimony, standing alone, would support a finding in favor of the claimant, but assert (1) that its weight is vitiated by failure of Dr. Rinn to refer to the kidney injury in some, but not all, of his medical reports and correspondence, and (2) that there is adequate medical support for the finding of the Workmen's Compensation Bureau adverse to the claimant, and that the "substantial evidence" rule precludes our reversing a finding based upon substantial evidence.

The evidence in support of the Bureau's finding is rather frail. It consists, first, of a statement of Dr. Ivers, and, second, a statement of a third physician, Dr. Robert D. Story, to whom written questions were sent by the Bureau.

Dr. Ivers said:

"I would feel that I am not in a position to give an expert opinion in regard to the probability that the contusion and the emotional factors sufficiently aggravated his pre-existing hypertension to result in a cerebral hemorrhage, and would recommend that you obtain an opinion from an internist specializing in the treatment of hypertension and possibly also from a urologist in regard to the effect of the renal contusion aggravating his hypertension."

Dr. Story stated that he had reviewed the voluminous information regarding the claim of Mr. O'Brien and

". . . I do not have sufficient information to answer your first question, 'Was the claimant's industrial accident on October 5, 1971, the cause of his intracerebral hemorrhage?'

"In reviewing all the data available, I can only say that there is no information that the supposed kidney contusion that occurred on October 5, 1971, following a fall aggravated his pre-existing hypertensive disease. There was evidence of renal injury insofar as he had hematuria and the information provided also would indicate that on December 8, 1971, there was a normal intravenous pyelogram and a normal urinalysis.

"In the letter written by Dr. Rinn to the Workmen's Compensation Bureau dated April 3, 1972, it was in part, 'Although Mr. O'Brien had hypertension before the fall, it is evident that the injury to the kidneys will aggravate blood pressure problems'.

"In a subsequent letter to Mrs. Loretta Jennings, Workmen's Compensation Bureau, dated May 4, 1972, Dr. Rinn does disclose several blood pressure readings obtained by him between June 1968 and July 1971.

"The only other blood pressure reading available on the information I reviewed was in the discharge summary pertaining to the cerebral hemorrhage that occurred on January 15, 1972. According to this summary his admission blood pressure was 156/90.

"Inasmuch as there was no clear-cut evidence of permanent renal damage from the fall and because there were no blood pressures mentioned between the fall on October 5, 1971, and the stroke on January 15, 1972, there would be no way for me to know whether his hypertension problem was aggravated.

"Therefore, I believe there is insufficient evidence to draw even the basic conclusion of aggravation without this information."

■ The question before us, then, is whether the statements made by Dr. Ivers and Dr. Story are evidence, substantial in nature, sufficient to support the findings of fact made by the Bureau. We hold that they are not. As we read the statements, we conclude that the statement of Dr. Ivers is noncommittal as to causation, and Dr. Story's is essentially the same, since he disclaims the sufficiency of the information given him to constitute a basis for an opinion one way or the other.

■ While the appellants urge that these statements are "negative evidentiary opinions," we feel they are insufficient to constitute substantial evidence. Substantial evidence is more than a scintilla of evidence. In a different context, we quoted California cases which described the term "substantial" in the phrase "substantial proof" as including the terms "credible" and "trustworthy." Hedine v. Meyer, 57 N.D. 908, 224 N.W. 906 (1929). Our sister State of South Dakota has held that "In reviewing administrative proceedings 'substantial evidence' means such relevant and competent evidence as a reasonable mind might accept as adequate to support a conclusion." McKinnon v. State Banking Commission, 78 S.D. 407, 103 N.W.2d 179, 182 (1960). We believe that the essentially negative disclaimers of opinions by Drs. Ivers and Story are so insubstantial as evidence as to be insufficient to support the findings made by the Bureau.

In criminal cases we have similarly held that evidence such as footprints unconnected with the defendant or anyone else, and therefore neither incriminatory nor exculpatory of the defendant, is not evidence of any probative value. State v. DePriest, 206 N.W.2d 859 (N.D.1973); State v. Jager, 85 N.W.2d 240 (N.D.1957).

We therefore affirm the holding of the trial court as follows:

"1) that the preponderance of the evidence establishes that there is a proximate and causal connection between the claimant's industrial accident, his fall from a pole barn, on October 5, 1971, which injured his kidney; that such accident occurred while the claimant was employed and within the scope of his employment; and that the damaged kidney aggravated the claimant's hypertensive condition and resulted in a subsequent cerebral hemorrhage;

"2) that the Bureau's findings of fact are not supported by substantial evidence; nor is the Bureau's decision in accordance with law;

"3) that the Bureau's decision denying the claimant additional benefits should be, and is, reversed; and,

"4) that the claimant thereby is entitled to additional workmen's compensation benefits."

Affirmed.

ERICKSTAD, C. J., and JOHNSON, PAULSON and KNUDSON, JJ., concur.