The BANK OF HAMILTON,
Petitioner and Appellant,

v.

The STATE BANKING BOARD,
Appellee,

and

The Bank of Neche, Intervenor
and Appellant,

and

The Bank of Cavalier, Intervenor.

Civ. No. 9131.

Supreme Court of North Dakota.

Dec. 17, 1975.
Rehearing Denied Jan. 16, 1976.

Raymond A. Lamb, Moorhead, Minn., and Wesley Argue, Hamilton, for the Bank of Hamilton, applicant and appellee; argued by Raymond A. Lamb, Moorhead, Minn.

Vogel, Vogel, Brantner & Kelly, Fargo, for Citizens State Bank of Neche, protestant and appellant; argued by Kermit Bye, Fargo.

Allen I. Olson, Atty. Gen., and David O. Lee, Special Asst. Atty. Gen., for State Banking Board; argued by David O. Lee, Bismarck.

ERICKSTAD, Chief Justice.

In early 1974 the Bank of Hamilton applied to the State Banking Board (hereinafter called Board) to move to Cavalier, to change its name, and to establish a paying and receiving station at its old location at Hamilton. Pursuant to notice, the Board on April 19, 1974, heard the matter. Two parties protested the application: First

State Bank of Cavalier (hereinafter called Bank of Cavalier) and Citizens State Bank of Neche (hereinafter called Bank of Neche).

Evidence adduced at hearing included testimony and exhibits relating to, among other facts, population and school enrollment decline in and the physical deterioration of Hamilton, taxable valuation and retail sales in Pembina County and the cities of Cavalier and Hamilton, as well as statements of condition of the three banks involved in the hearing.

On August 14, 1974, the Board entered its findings of fact, conclusions of law, and decision, whereby the Bank of Hamilton was granted approval to move to Cavalier, to change its name to First Dakota State Bank, and to establish a paying and receiving station in Hamilton, all subject to certain conditions.

Only the Bank of Neche appealed to the Burleigh County District Court which on April 16, 1975, affirmed the Board's decision. Thereafter, the Bank of Neche filed its Notice of Appeal and its Undertaking on Appeal with this court.

In its brief, the Board asserts that:

" * * * [A]ll that is required to support the decision of the State Banking Board in this matter is that its decision be supported by its findings of fact and conclusions of law, that its conclusions of law be supported by its findings of fact, and that its findings of fact be supported by substantial evidence. * * * "

The Bank of Neche denies that there is substantial evidence to support the Board's decision to allow relocation of the Bank of Hamilton under Section 6–03–13, N.D.C.C., which reads as follows:

"6–03–13. Conversion to national bank—Sale of bank—Removal to new location.—An association organized to do business in any city in this state, and which has sold or converted its business to a national bank or to any other banking association which is continued at the same place, shall not use its charter to recommence business at another place without first obtaining the consent of the state banking board. When a banking association which has not so converted or sold its business is located at a place where there is not, or *can reasonably project that there will not be, sufficient business for the profitable conduct of a bank*, such association may apply to the state banking board for authority to remove its business to some other place within the state and to change its name if desired, and upon the approval of such application, by the board and the proper amendment of the articles of incorporation, the board may issue authority for such removal and change. No such association, however, shall be permitted to remove its business to any city unless it has the full amount of capital stock and surplus required by this title for a new organization in such city." N.D.C.C. [Emphasis added.]

 In *Application of Bank of Rhame*, 231 N.W.2d 801 (N.D.1975), we held that the Board, in determining whether to allow relocation, acts as an administrative agency; that a protester has standing to appeal the administrative order if it actively participates in the proceeding before the Board and claims to be factually aggrieved by the decision; and that evidence relating to population decline, loss of business, gross sales in the city of Rhame, customers' use of the bank, and the area from which the bank drew its customers was relevant to and supportive of the Board's order granting authority to the Bank of Rhame to move to Bowman.

We noted that Section 6–03–13, N.D.C.C., had been amended in 1969 to allow the Board to consider "future developments," which we believe would include prospects for making a profit in the future, in determining whether to grant a bank authority to relocate. S.L.1969, Ch. 104, § 1.

"It is readily observed that the statutory provision now is not confined to clearly showing that the banking association is at a place where there is not sufficient business, but also permits the Board to take into account evidence from which it can be reasonably projected whether or not there will be sufficient business for a profitable operation of a bank. But we do not believe that the term 'profit' is limited to a mere addition of funds acquired from business transactions and the deduction of ordinary expenses. We can well appreciate that the term 'profit' has a different meaning from one business to another, and furthermore we recognize that the term 'profit' can mean different things depending on the bookkeeping and accounting methods employed. We are, however, satisfied that the amendments made in 1969 gave the Board greater latitude and will permit the Board to take into account future developments." *Application of Bank of Rhame, supra,* 231 N.W.2d at 810–811.

In the instant case, the Bank of Neche asserts that there has been an inadequate showing that the Bank of Hamilton will not be profitable at its present location. Considering the record of increasing profitability of the Bank of Hamilton at its Hamilton location until December 31, 1973, Bank of Neche argues, "The premise that the Bank's profits after December 31, 1973, will decline because of a declining community is not only unsupported—it is disproved by the Bank's own expert witness and the hard cold facts in the record."

The Bank of Hamilton attributes its past history of profitability to the economic boom that occurred in North Dakota and to its own competent management and contends that past profit is only one factor in projecting the future of a business. Additionally, the Bank of Hamilton asserts that the relocation of Bank of Neche from Neche to Cavalier will further affect the profitability of its operation by drawing Cavalier customers, who for their own reasons may be dissatisfied with the Bank of Cavalier, away from the Bank of Hamilton, which is seven miles east of Cavalier.

Except for the interposition of the Bank of Neche, the facts in this case are similar to those in *Application of Bank of Rhame.* The population of Hamilton declined from 241 people in 1950 to 91 in April 1974. School enrollment for grades 1–12 included 37 students in 1973–1974 but only 27 students in 1974–1975. Taxable valuation of property in Pembina County was in excess of $17 million; Cavalier had a taxable valuation of $1,125,000, while Hamilton's taxable valuation was $40,000. In terms of constant 1967 dollars, retail sales in Hamilton decreased 14.9% from 1968 to 1972; Pembina County retail sales increased 37% during the same period.

From July 1, 1966, to March 1, 1974, the number of demand deposit accounts of persons residing closer to Cavalier than to Hamilton increased from 35% to 51% of all demand deposit accounts at the Bank of Hamilton. The dollar amount in the accounts attributable to those persons closer to Cavalier increased in the same period from 27% to 51%. During the same period of time the number of accounts of persons residing closer to Hamilton than to Cavalier decreased in both number and in percentage, 291 to 260 and 43.6% to 32.1%. The total number of accounts increased from 667 to 809 while the dollar amount of deposits rose from $831,000 to $2,122,000.

In light of the population and business decline in the city of Hamilton and the increased use of the Bank of Hamilton by depositors residing closer to Cavalier, the Board made a finding of fact:

"XV.

"That if the number of Cavalier area depositors or the dollar amount of deposits maintained by these depositors were to decline or if another bank other than Applicant's were to move to Cavalier and

to absorb Applicant's deposits, Applicant would not be able to be profitable for any sustained period of time."

As a conclusion of law, the Board indicated:

"II.

"That the Bank of Hamilton is located at a place where there is not, or can reasonably project that there will not be, sufficient business for the profitable conduct of a bank."

Considering the history of increasing deposits and continuing profitability at the Bank of Hamilton in spite of the decline of the city of Hamilton, the Bank of Neche asserts that there will continue to be sufficient business at the Bank of Hamilton to maintain a profitable enterprise. Furthermore, it asserts, Finding of Fact XV is an assumption that is not supported by evidence in the record.

The Bank of Neche contends further that the thrust of the argument of the Bank of Hamilton is that if the Bank of Hamilton loses its Cavalier business, it will suffer financial loss. The Bank of Neche believes that this thrust is based only upon speculation and not fact. We disagree. We believe that the Board could have reasonably inferred from the record that the business of the Bank of Hamilton would have been adversely affected by the movement of the Bank of Neche to Cavalier unless the Bank of Hamilton's application to move to Cavalier was also granted.

■■ Our review of the factual basis of administrative agency orders is a three-step process: (1) Are the findings of fact supported by substantial evidence? (2) Are the conclusions of law sustained by the findings of fact? (3) Is the agency decision supported by the conclusions of law? Sections 28–32–19, 28–32–21, N.D.C.C. *See, e. g., Application of Bank of Rhame, supra,* 231 N.W.2d 801; *Tri-County Electric Cooperative, Inc. v. Elkin,* 224 N.W.2d 785 (N.D.

1974); *Lund v. Hjelle,* 224 N.W.2d 552 (N.D.1974); *O'Brien v. North Dakota Workmen's Comp. Bureau,* 222 N.W.2d 379 (N.D. 1974); *First American Bank & Trust Company v. Ellwein,* 221 N.W.2d 509, *cert. den.* 419 U.S. 1026, 95 S.Ct. 505, 42 L.Ed.2d 301, *reh. den.* 419 U.S. 1117, 95 S.Ct. 798, 42 L.Ed.2d 816 (N.D.1974); *Application of Northern States Power Company,* 171 N.W.2d 751 (N.D.1969); *Geo. E. Haggart, Inc. v. North Dakota Work. Comp. Bur.,* 171 N.W.2d 104 (N.D.1969); *Application of Otter Tail Power Company,* 169 N.W.2d 415 (N.D.1969); *Williams Electric Cooperative v. Montana-Dakota Utilities Co.,* 79 N.W.2d 508 (N.D.1956).

■■ Questions of law are fully reviewable, and an agency's conclusions of law are not protected by the "clearly erroneous" rule of Rule 52(a), N.D.R.Civ.P. *O'Brien v. North Dakota Workmen's Comp. Bureau, supra,* 222 N.W.2d at 381. This court, however, has indicated its reluctance to substitute its own judgment for that of qualified experts in matters entrusted to administrative agencies. *Application of Bank of Rhame, supra,* 231 N.W.2d at 811–812; *First American Bank & Trust Company v. Ellwein, supra,* 221 N.W.2d at 508.

Because we believe substantial evidence exists to support Finding of Fact XV and because the other findings are undisputed, we find that Conclusion of Law II is not in error. Therefore, we affirm the Board's decision.

The premise of Finding of Fact XV is that if another bank were located in Cavalier, then the Bank of Hamilton would lose deposits. Expert testimony at the hearing indicated that deposits are the touchstone of a profitable banking operation. Other testimony illustrated that a number of persons from Cavalier banked in Hamilton for reasons of their own. It is not unreasonable to conclude that many of those people who presently bank in Hamilton may find it more convenient to transfer their Hamilton

accounts to another bank in Cavalier when it becomes available than to continue to travel to Hamilton.

That conclusion is supported by two exchanges with Dr. David Ramsett, an Associate Professor of Economics at the University of North Dakota:

"THE REPORTER: 'Question: Assuming, again based on all your expertise, the facts that have been elicited here today, the facts that you have gotten from your study and testified to, and all of the other factors we have discussed, if a second bank other than the bank in Hamilton were allowed to move into Cavalier and a loss of Cavalier deposits occurred with the Bank of Hamilton because of transportation and other problems you've heard testified to, would you have an opinion of whether you could reasonably project that there will not be sufficient business for the profitable conduct of a bank?'

"Q (Mr. Lamb continuing) What is your opinion?

"A My opinion would be that if a new bank does move into Cavalier it would necessarily absorb a good deal of the market there that does now leave the city of Cavalier, otherwise the bank wouldn't be interested in moving there. If that were to happen, this would necessarily reduce the profitability of the Bank of Hamilton.

"Q And would lead to the fact that there would not be sufficient business for the profitable conduct of a bank—of the Bank of Hamilton; is that correct?

"A I believe so, sir."

To a question by Mr. Shaft, attorney for the Bank of Cavalier, as to the profitability of the Bank of Hamilton if no bank were allowed to move into Cavalier, Dr. Ramsett responded:

"A The Bank of Hamilton would, assuming that it could keep up its deposits from the city of Cavalier, and I have no immediate reason to believe that that would not be the case, although perhaps I should point out that the new banking structure of the First Bank of Cavalier might increase the competition a bit with Hamilton, but were that not to happen I would say the bank could continue to be profitable for some period of time.

"Q Longer than five to seven years?

"A I would say so, sir."

During the hearing reference was made several times to the application of the Bank of Neche to move to Cavalier, most notably on cross-examination of the president of the Bank of Hamilton by counsel for the Bank of Neche and on direct examination of the president of the Bank of Cavalier by counsel for that bank. By Section 28–32–07, N.D.C.C., the Board may take notice of any facts which a court may take notice of, including the official acts of public officers, Section 31–10–02(41), N.D.C.C.

■ Where the transcript indicates that another application to the Board was the precipitating factor in the instant application and where the effect of granting another bank authority to move to Cavalier was fully discussed by both expert and non-expert witnesses at the administrative hearing, we believe it was proper for the Board to take notice of those facts in arriving at its decision and we assume that it did.

■ We believe that there is substantial evidence to support the Board's finding that there will not be sufficient business for the profitable conduct of the Bank of Hamilton in light of the following: The population and school enrollment in the community of the bank is declining; the retail sales in the community of the bank are declining; the number of accounts at the bank from persons residing closer to the bank's present location are declining, while the number from those persons residing closer to its proposed location are increasing; another bank sought to move to the same city as

proposed by the applicant; the other application was at the time of the hearing likely to be granted and was granted on the same date as the instant application; and the allowance of the other application would adversely affect the accounts of the bank unless it were also allowed to move.

Having considered the record, we find that there is substantial evidence to support the findings of fact; that the findings of fact support the conclusions of law; that the conclusions of law are not contrary to law or authority; and that the decision is supported by the findings of fact and conclusions of law. Therefore, the decision of the State Banking Board is affirmed.

VOGEL, PEDERSON, PAULSON and SAND, JJ., concur.