**Gary J. DAVIS, Appellant,**

v.

**NORTH DAKOTA WORKMEN'S COMPENSATION BUREAU, Appellee.**

**Civ. No. 10116.**

Supreme Court of North Dakota.

April 1, 1982.

Chapman & Chapman, Bismarck, for appellant; argued by Daniel J. Chapman, Bismarck.

Richard J. Gross, Asst. Atty. Gen., Bismarck, for appellee.

PEDERSON, Justice.

Davis appeals from the district court's judgment affirming the termination of benefits by the Workmen's Compensation Bureau (Bureau).

Two issues are presented upon this appeal: (1) Was Davis improperly denied a hearing before the Bureau? (2) Are the Bureau's findings supported by a preponderance of the evidence? We conclude that Davis was not improperly denied a hearing and that the Bureau's findings were supported by a preponderance of the evidence. The decision of the Bureau and the subsequent judgment are affirmed.

In 1980 Davis filed a claim with the Bureau alleging that his back had been injured in a work-related accident. He sought chiropractic care and his condition was diagnosed as lumbosacral subluxation and strain. The Bureau compensated him for intermittent periods of disability until the benefits were terminated on October 1, 1980, when the Bureau concluded that Davis was no longer disabled.

I.

■ Davis contends that the Bureau improperly denied him a hearing before terminating his benefits. This argument is without merit. The Bureau is entitled to make its initial determination disallowing a claim at an informal hearing. *See Steele v. North Dakota Workmen's Comp. Bur.*, 273 N.W.2d 692 (N.D.1978); Section 92–01–02–03, N.D.Admin.Code.

"92–01–02–03. INFORMAL HEARING. Upon receipt of a claim, the bureau shall investigate the claim, review the file and make a determination. Such action shall constitute an informal hearing. Pursuant to North Dakota Century Code section 28–32–08, no notice of such hearing need be given. Any decision arrived at as a result of an informal hearing, shall be made pursuant to North Dakota Century Code section 28–32–13."

This informal or non-evidentiary hearing provides the basis for the Bureau's initial determination. In this case, the Bureau was clearly not required to hold a formal hearing before issuing its termination order. It is only after the Bureau's initial determination that the rules pertaining to formal evidentiary hearings come into play. Even then, the Bureau need only afford the claimant a formal hearing (evidentiary hearing) if a dispute of a material fact exists. In *Steele v. North Dakota Workmen's Comp. Bur., supra*, 273 N.W.2d at 701, this court stated:

"We are not ruling out the use of an informal hearing (a non-evidentiary hearing) for making an initial determination provided the Bureau will afford the claimant a formal hearing (an evidentiary

hearing) upon request if a dispute of a material fact exists . . . ."

Whether or not a material issue of fact exists will be determined by the merits of each case.

After its initial determination, the Bureau was required to grant Davis a formal hearing only if:

(1) it was requested; and

(2) there existed a material issue of fact.

The problem in this case evolves around whether or not Davis actually requested a formal hearing. Prior to the termination order, Davis's counsel wrote to the Bureau:

"... It would seem only reasonable that if he [Davis] continues to have the injuries that he seems to have that benefits should be paid and the expenses covered by the Bureau. *If this is not done, it would seem that we are entitled to have a hearing.*" [Emphasis added.]

Davis's argument that this letter was a specific request for a hearing is specious. He could only request a formal hearing after the Bureau's initial determination. Because the Bureau had not made any determination, a request for a formal hearing at this time would have been premature.

The Bureau replied to Davis's letter, stating:

"The Bureau has not yet issued a formal order in this matter. However, based upon the information we have in the file, the Commissioners are prepared to do so if necessary. *Following that, you are free to request a rehearing or appeal directly to the district court.*"
"Or do you have any additional evidence you wish submitted at this time?" [Emphasis added.]

Davis's attorney responded:

"Thank you for your letter of September 11, 1980.

"At the present time, I have no further information to submit to the Bureau."

The Bureau issued its order on October 1, 1980, and sent a copy to Davis accompanied by a memorandum which stated:

"Also enclosed are Rules for Rehearing. *If you do not agree with the decision of the Bureau and if you have additional evidence to present in support of additional benefits, you may petition for a rehearing before the Bureau. Or, you may appeal the Bureau's decision to the proper district court.*" (Emphasis added.)

Four days after the order from the Bureau, Davis appealed to district court.

■ The Bureau's letter prior to the termination order clearly states that the Bureau was prepared to issue an order if necessary and that, following the order, Davis would be free to request a rehearing or appeal directly to the district court. The Bureau was ready to take those steps necessary to trigger Davis's right to an evidentiary hearing on his claim or to an appeal to district court.

Because he chose to appeal, Davis cannot now stand before us and say that he was improperly denied a formal hearing.[1]

II.

■ Davis further contends that the Bureau was incorrect in its finding that he was not disabled. It is the findings of the Bureau and not the findings of the district court that we review on appeal. *See Claim of Bromley*, 304 N.W.2d 412, 414 (N.D.1981). We are bound to affirm the decision of the Bureau unless its findings of fact are not supported by the preponderance of the evidence or its conclusions of law are not supported by its findings of fact. Section 28–32–19, NDCC.

"The controlling 'preponderance of the evidence' standard has been defined as 'evidence more worthy of belief' or 'the greater weight of the evidence,' or 'testimony that brings the greater conviction of truth.' " *Inglis v. North Dakota Workmen's Comp. Bur.*, 312 N.W.2d 318, 322 (N.D.1981).

■ In support of his argument, Davis points to one doctor's letter which states

---

1. Davis contends that the Bureau conditioned the rehearing on the submission of additional

evidence. This argument is not convincing in light of North Dakota statutory and case law.

that Davis's x-rays were not "essentially normal." This medical opinion was contradicted by all the other physicians who had an opportunity to examine Davis. The other physicians stated that the x-ray findings were minimal or normal, and that there were no objective findings as to the cause of the alleged pain. In addition, it must be mentioned that the doctor who stated that Davis's x-rays were not "essentially normal" further stated:

"I do think this patient can return to full gainful employment."

Davis's contention that the Bureau ignored his doctor's opinion is without merit. It is quite proper for the Bureau to take the evidence as a whole, evaluate it and arrive at a conclusion consistent with the overwhelming weight of the medical evidence.

Our scope of review in this matter is limited and is not controlled by Rule 52(a), NDRCivP. *Asbridge v. North Dakota State Highway Com'r*, 291 N.W.2d 739 (N.D.1980); Section 28–32–19, NDCC. The scope of review was defined in *Power Fuels, Inc. v. Elkin*, 283 N.W.2d 214, 220 (N.D. 1979):

"... we do not make independent findings of fact or substitute our judgment for that of the agency. We determine only whether a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence from the entire record."

The Bureau's decision is supported by a preponderance of the evidence. The decision is affirmed.

ERICKSTAD, C. J., and PAULSON, SAND and VANDE WALLE, JJ., concur.