Joseph P. MANIKOWSKE, Petitioner and Appellant,

v.

NORTH DAKOTA WORKMEN'S COMPENSATION BUREAU, Respondent and Appellee.

Civ. No. 10891.

Supreme Court of North Dakota.

Sept. 4, 1985.

This will serve litigants and judges far better than does a cryptic one-line denial.

Garaas Law Firm, Fargo, for petitioner and appellant; argued by David Garaas, Fargo.

Clare R. Hochhalter, Asst. Atty. Gen., North Dakota Workmen's Compensation Bureau, Bismarck, for respondent and appellee.

MESCHKE, Justice.

Should a writ of certiorari be issued to compel a full evidentiary hearing for a claimant for workmen's compensation benefits, where he failed to timely appeal denial of benefits by the Bureau after only an "informal hearing"? We hold that certiorari is not available to him. Accordingly, we affirm a judgment of the district court dismissing a petition by Joseph P. Manikowske for a writ of certiorari.

Manikowske filed a claim for benefits with the North Dakota Workmen's Compensation Bureau which was denied, following an informal hearing,[1] by an order dated August 1, 1979. Manikowske served a petition for rehearing upon the Bureau, and additional correspondence and medical evidence was exchanged. On December 27, 1979, the Bureau issued findings of fact, conclusions of law, and an order affirming its August 1 dismissal. Manikowske did not appeal from either the August 1 order or the December 27 order.

During the next two and one-half years, Manikowske made several applications to the Bureau requesting that his claim be reopened. Each request was denied by the Bureau. Manikowske appealed the Bureau's May 25, 1982, denial of his motion to reopen to the district court. The district court concluded that it lacked jurisdiction to hear an appeal from a decision of the Bureau which denies reopening of a claim, and we affirmed. *Manikowske v. North Dakota Workmen's Compensation Bureau*, 338 N.W.2d 823 (N.D.1983).

---

1. The term "informal hearing" is perhaps a misnomer, in that no adversarial, evidentiary proceeding is held. Informal hearings by the Bureau are conducted in accordance with Section 92–01–02–03 of the North Dakota Administrative Code:

"92–01–02–03. INFORMAL HEARING. Upon receipt of a claim, the bureau shall investigate the claim, review the file and make a determination. Such action shall constitute an informal hearing. Pursuant to North Dakota Century Code section 28–32–08, no notice of such hearing need be given. Any decision arrived at as a result of an informal hearing, shall be made pursuant to North Dakota Century Code section 28–32–13."

When proceeding by informal hearing, the Bureau relies upon the claim submitted by the claimant and upon its independent investigation to arrive at an initial determination on the claim. We cautiously approved this procedure "provided the Bureau will afford the claimant a formal hearing (an evidentiary hearing) upon request if a dispute of a material fact exists...." *Steele v. North Dakota Workmen's Compensation Bureau*, 273 N.W.2d 692, 701 (N.D.1978). The lack of an evidentiary hearing in the case at hand, which has now brought about two appeals to this court, may illustrate the false economy of the foreshortened procedure of an "informal hearing" on disputed matters.

Manikowske subsequently petitioned the district court for a writ of certiorari, contending that the Bureau acted in excess of its jurisdiction in denying his claim. Specifically, Manikowske asserted that the Bureau's denial of his claim without a formal evidentiary hearing was not authorized by statute and violated his due process rights. The district court concluded that the Bureau had not acted in excess of its jurisdiction and that, in any event, certiorari was not an appropriate remedy because the Bureau's initial decision dismissing Manikowske's claim was appealable and provided a plain, speedy, and adequate remedy.

Proceedings in certiorari are outlined by the following statutes:

"*32–33–01. When and by whom writ of certiorari granted.*—A writ of certiorari shall be granted by the supreme court or district court when an officer, board, tribunal, or inferior court has exceeded the jurisdiction of such officer, board, tribunal, or inferior court, as the case may be, and there is no appeal, nor, in the judgment of the court, any other plain, speedy, and adequate remedy, and also when, in the judgment of the court, it is deemed necessary to prevent miscarriage of justice."

"*32–33–09. Extent of review.*—Except as otherwise provided by law, the review upon a writ of certiorari cannot be extended further than to determine whether the inferior court, tribunal, board, or officer has pursued regularly the authority for such court, tribunal, board, or officer."

■ We have held that the phrase "pursued regularly the authority" contained in Section 32–33–09 is synonymous with "jurisdiction" as that term is used in Section 32–33–01. *City of Fargo v. Annexation Review Commission*, 148 N.W.2d 338, 349–350 (N.D.1966). Thus, the review by the district court, and by this Court, is limited to the sole question of whether the Bureau has exceeded its jurisdiction. *City of Fargo v. Annexation Review Commission, supra*, 148 N.W.2d at 349.

■ In the context of a certiorari proceeding, we have defined "jurisdiction" as "the power and authority to act with respect to any particular subject matter." *Kostelecky v. Engelter*, 278 N.W.2d 776, 778 (N.D.1979); *Parker Hotel Company v. City of Grand Forks*, 177 N.W.2d 764, 768 (N.D.1970). The Bureau had the power and authority to act with respect to the subject matter of Manikowske's claim, which was a claim for benefits under the Workmen's Compensation Act. The Bureau has jurisdiction to administer claims under the Act in accordance with Chapter 65–05, N.D.C.C.

We have previously held that, where the jurisdiction of an agency is invoked by a party, that party cannot subsequently challenge the agency's jurisdiction by certiorari: "They cannot at the same time in the same action invoke and establish jurisdiction and then deny its legal effect." *Baker v. Lenhart*, 50 N.D. 30, 35, 195 N.W. 16, 17 (1922), *quoting Albrecht v. Zimmerly*, 23 N.D. 337, 344, 136 N.W. 240, 242 (1912). Manikowske invoked the jurisdiction of the Bureau when he filed his claim for benefits under the Act, and he cannot now challenge the jurisdiction of the Bureau by certiorari.

Manikowske argues that "the North Dakota Workmen's Compensation Bureau has no jurisdiction to deny Manikowske due process of law" by denying him an evidentiary hearing. This is an effort to equate an issue of the legal rights of the parties with a jurisdictional issue which may be raised by certiorari. We have previously held, however, that "[j]urisdiction relates to the power of the tribunal, and not to the rights of the parties." *Kostelecky v. Engelter, supra*, 278 N.W.2d at 778.

Manikowske also asserts that the "informal hearing" procedure employed by the Bureau is not authorized by statute. We have, however, previously approved the "informal hearing" procedure, holding that the Bureau may proceed by informal hearing in making its initial determination on a claim if a formal evidentiary hearing is afforded the claimant upon demand in any

case where a dispute of material fact exists. *Davis v. North Dakota Workmen's Compensation Bureau,* 317 N.W.2d 820 (N.D.1982). If a dispute of a material fact existed, there can be little doubt that Manikowske could have obtained an evidentiary hearing upon timely demand or appeal. *Aus v. North Dakota Workmen's Compensation Bureau,* 280 N.W.2d 911 (N.D. 1979).[2] Thus, the Bureau was not without "jurisdiction" to make its initial determination on Manikowske's claim through the informal hearing process. It is Manikowske's own failure to timely seek an evidentiary hearing that deprived him.

In *State ex rel. Wehe v. Frazier,* 47 N.D. 314, 182 N.W. 545 (1921), this court held that the governor had exceeded his "jurisdiction" to remove a commissioner of the Workmen's Compensation Bureau when he failed to hold a hearing to establish legal cause for the removal. This decision indicates that there is a basis for challenging the jurisdiction of an agency when no hearing is afforded to the claimant, but only where there was no right of appeal from the decision made without a hearing. *See also Nelson v. Ecklund,* 68 N.D. 724, 727, 283 N.W. 273, 274 (1938) (certiorari is unavailable where there is a right of appeal).

We observe that Manikowske failed to appeal from either the August 1 order or the December 27 order. If he had appealed, he would have been able to raise the issues which he now seeks to raise. Section 32–33–01, N.D.C.C., provides that certiorari is appropriate only when "there is no appeal, nor, in the judgment of the court, any other plain, speedy, and adequate remedy." Because Manikowske had a "plain, speedy, and adequate remedy" through his appeal rights, he may not now raise these issues by certiorari.

We conclude that the Bureau had jurisdiction over Manikowske's claim, and that certiorari is inappropriate because Manikowske could have raised these issues on

---

**2.** The Bureau takes the position that a formal evidentiary hearing is required only if the claimant submits a "statement of further showing to be made" in addition to the material filed with the original claim. The Bureau relies upon Section 28–32–14, N.D.C.C.:

> "*28–32–14. Petition for rehearing.*—Any party before an administrative agency who is aggrieved by the decision thereof, within fifteen days after a copy of such decision has been mailed or delivered to such party by the administrative agency, may request a rehearing by such agency. He shall submit with the request for rehearing a statement of any further showing to be made in the proceeding, and such request and statement shall constitute a part of the record in the proceeding. The administrative agency may deny such request for rehearing or may grant the same on such terms as it may prescribe. This section, however, shall not limit the right of any agency to reopen any proceeding under any continuing jurisdiction which is granted to any such agency by any law of this state."

Section 28–32–14 is a part of the Administrative Agencies Practice Act, applicable to designated state agencies, including the Bureau. The statute, however, is clearly premised upon a prior evidentiary hearing having been held. In the typical situation, an evidentiary hearing has been held in accordance with Section 28–32–08, N.D.C.C., and a party must establish in his petition for rehearing that he will make some "further showing."

We have approved a limited exemption from the formal hearing requirement of Section 28–32–08, thereby allowing the Bureau to proceed initially by informal hearing if a formal hearing is available upon demand. When the Bureau proceeds by informal hearing, the claimant has in effect been denied the opportunity to make an "initial showing," thus rendering a requirement of a "further showing" superfluous. A petition for rehearing of a denial of benefits following an informal hearing is in reality a request for an *initial* hearing, *see* Section 92–01–02–04, N.D.A.C., and a claimant certainly should not be required to make a "further showing" before being afforded a hearing under those circumstances. Thus, Section 28–32–14 must be applied differently in this situation.

The result suggested by the Bureau is clearly inconsistent with prior decisions of this court and with the due process rights of the claimant. In *Steele v. North Dakota Workmen's Compensation Bureau,* 273 N.W.2d 692 (N.D.1978), we held that due process required the Bureau to provide an opportunity for a formal evidentiary hearing, following denial of a claim based on a record made at an informal hearing, whenever a dispute of material fact exists. We did not restrict the claimant's right to an evidentiary hearing to only those instances where he can make a "further showing" in addition to his original claim; he is entitled to a hearing upon timely demand whenever a dispute of material fact exists, including instances where the factual dispute arises from the original claim.

appeal. The judgment of the district court is affirmed.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and LEVINE, JJ., concur.