Erling G. **HAUGLAND**, Plaintiff/Appellant,

v.

**NORTH DAKOTA EMPLOYMENT SE-
CURITY BUREAU et al.,**
Appellees.

**Civ. No. 8942.**

Supreme Court of North Dakota.

April 30, 1974.

Rehearing Denied June 4, 1974.

Wheeler, Wolf, Wefald & Durick, Bismarck, for plaintiff/appellant.

Lawrence E. Watson, Special Asst. Atty. Gen., Bismarck, for appellees.

KNUDSON, Judge.

This is an appeal from the judgment of the district court of Burleigh County af-

firming the decision of the North Dakota Merit System Council [hereinafter Council] denying the petition of Erling Haugland [hereinafter Haugland] that he be reclassified as an Information Specialist II and that he receive the pay of that classification retroactively from the beginning of his employment with the North Dakota Employment Security Bureau [hereinafter Bureau].

In December of 1970 Haugland applied to the Council for the position of Interviewer II with the Bureau. He passed the merit system examination therefor and was placed on the Council's "register of eligibles" for the position of Interviewer II. In January of 1971 the Bureau requested the Council to provide it with a "list of eligibles" for the position of Interviewer II, having a special qualification of a major in journalism, preferably with newspaper experience.

On January 7, 1971, the Merit System Director certified Haugland as eligible for the position of Interviewer II with a specific major, and on January 14, 1971, Haugland began his employment with the Bureau on a probationary status. On October 5, 1971, after his status had become permanent on July 14, 1971, Haugland requested that he be reclassified and paid as an Information Specialist II, claiming he had been performing the duties of that position.

On October 13, 1971, Haugland appealed to the Council from the denial by the Bureau of his request for reclassification, and on November 22, 1971, after hearing, the Council issued its findings of fact, conclusions of law, and decision denying his petition for reclassification.

Haugland appealed that decision to the district court of Burleigh County. That court granted judgment on January 17, 1973, affirming the decision of the Council. It is from this judgment that Haugland appeals to this court.

Although the question whether the findings of fact are supported by the evidence is not before us, nevertheless a resume of the facts is appropriate for a clear understanding of the situation in this case.

Haugland says that although he was hired under the classification of Interviewer II he was assigned duties in the Information Section of the Bureau; that his duties in the Information Section were different from those of an Interviewer II, and called for a higher scale of pay; that under the merit system, job descriptions were developed so that positions having similar duties could be classified at the same level to the end that all merit system employees receive "equal pay for substantially equal work"; that applying the rule of "equal pay for substantially equal work" Haugland should have been paid according to the classification of Information Specialist II instead of Interviewer II.

He says that after his request to the Bureau to be reclassified as an Information Specialist II and paid according to that classification, the Bureau assigned duties to him under the classification of Interviewer II, the classification for which he was hired. Thereupon Haugland resigned.

Haugland cites Burton v. United States, 186 Ct.Cl. 172, 404 F.2d 365 (1968), in support of his contention that he is entitled to the pay for duties assigned differing from the duties of his job classification. However, we are of the opinion that *Burton* does not support him, but rather does support the action of the Bureau in reassigning duties to him of the job classification for which he was hired. In *Burton* the court said that when management discovers a discrepancy between the description and the job, it must eliminate the discrepancy, but it can do this by changing, at its election, either the description or the job duties. Here, in the instant case, the Bureau did eliminate the discrepancy by changing the duties to conform to the job classification.

It was held by the Michigan Supreme Court that job classification is determinative of the rate of pay, regardless of the duties assigned, in Farrell v. State, 317

Mich. 676, 27 N.W.2d 135 (1947). There the Court said, "Under civil service the employe's classification is a part of his contract of employment; and if, as in the instant case, his classification so specifies, his rate of pay is controlled thereby."

■ However, whatever may have been the difference between the job classification and the duties assigned to Haugland, that difference is not determinative of this appeal, as Haugland in his appeal to the district court did not raise the question whether the findings of the Council were supported by the evidence, and on the appeals to the district court and the supreme court Haugland asserted only that the conclusions reached by the Council are not supported by the findings. Therefore, we are concerned only with the question whether the conclusions are supported by the findings of fact.

Therefore, we will assume that the findings of fact of the Council are correct.

Haugland contends that the district court was required to reverse the decision of the Council under the provisions of § 28–32–19, North Dakota Century Code, because the Council's conclusions and decision were not supported by the findings of fact.

Section 28–32–19, N.D.C.C., provides:

"The court shall try and hear an appeal from the determination of an administrative agency without a jury and the evidence considered by the court shall be confined to the record filed with the court. If additional testimony is taken by the administrative agency or if additional findings of fact, conclusions of law, or a new decision shall be filed pursuant to section 28–32–18, such evidence, findings, conclusions, and decision shall constitute a part of the record filed with the court. After such hearing, the court shall affirm the decision of the agency unless it shall find that such decision or determination is not in accordance with law, or that it is in violation of the con-stitutional rights of the appellant, or that any of the provisions of this chapter have not been complied with in the proceedings before the agency, or that the rules or procedure of the agency have not afforded the appellant a fair hearing, or that the findings of fact made by the agency are not supported by the evidence, or that the conclusions and decision of the agency are not supported by its findings of fact. If the decision of the agency is not affirmed by the court, it shall be modified or reversed, and the case shall be remanded to the agency for disposition in accordance with the decision of the court."

The district court reviewed the record that was before the Council and held that the decision of the Council was in accordance with law, and that the Council's conclusions of law and decision are supported by its findings of fact.

We have held that this court is limited in its scope of review by § 28–32–19, which must be considered in light of § 28–32–21, which provides as follows:

"The judgment of the district court in an appeal from a decision of an administrative agency may be reviewed in the supreme court on appeal in the same manner as any case tried to the court without a jury may be reviewed . . . ."

In Application of Otter Tail Power Company, 169 N.W.2d 415 (N.D.1969), we held that this court will affirm the district court when the conclusions and decision are in accordance with the law.

"Where the trial court reviewed the record made before the Public Service Commission and concluded that the findings, conclusions, and decision of the Commission are supported by substantial evidence, and that the conclusions and decisions are in accordance with the law, and where this court, in reviewing the record, agrees with the trial court, the judgment will be affirmed."

In the instant case, the findings of fact are conceded to be correct and we have only to determine whether the conclusions of law and the decision are supported by the findings of fact. In accordance with § 28–32–19, N.D.C.C., we said in *Otter Tail* that after the determination has been made that the findings of fact are supported by the evidence or conceded to be supported by the evidence, as in this case, the only review for this court is to determine whether or not the conclusions and decision of the agency are supported by the findings of fact.

As we have said before, Haugland claims that the Council's conclusions of law are not supported by the findings of fact, but asserts that contrary conclusions could be drawn to support his claim that he was in fact employed to perform the duties of Information Specialist II. Haugland asserts that the findings of fact establish that he was performing the duties of an Information Specialist II, rather than those of an Interviewer II, and the Council could conclude from the findings of fact that he had been denied equal pay for equal work, and that accordingly he was entitled to be classified as an Information Specialist II and paid the difference in pay grade for the time he had worked. Our review of the Council's findings of fact and conclusions of law reveals that the district court was correct in its findings that the Council's decision was in accordance with law and that its conclusions of law were supported by its findings of fact. None of the findings support Haugland's contentions. The Council's findings of fact do not set out what duties Haugland performed, or was to perform. The findings state only that Haugland was employed as an Interviewer II on a probationary status at a monthly salary, which Haugland accepted and entered into the employment of the Bureau. The objective of the employment was to give Haugland experience which would qualify him for a position as Information Specialist II. But the findings of fact do not state that Haugland performed the duties of Information Specialist II. The conclusions of law of the Council are supported by its findings of fact.

The Legislative Assembly, by the provisions of § 54–42–03, N.D.C.C., delegated to the Merit System Council all the duties relating to the positions to be covered by and exempted from the system; the establishing and maintenance of classifications and compensation plans; applications and examinations; the establishing of lists of eligibles, certifications, and appointments; promotions, transfers, demotions; separations, tenure, and reinstatements; appeals; attendance and leave; and review of agency payrolls by the merit system. We believe that the actions of the Merit System Council in this case were in compliance with its legislatively delegated authority. A review of the record discloses that the Council complied with the provisions of the Administrative Agencies Practice Act, afforded Haugland a fair hearing, and that the findings of fact, conceded by Haugland to be correct, supported the conclusions and decision of the Council.

It is evident that the actions of the Bureau in the instant matter had the approval of the Council. The district court, in turn, approved the decision of the Council and this Court agrees with the district court. Therefore, the judgment of the district court is affirmed.

ERICKSTAD, C. J., and VOGEL, TEIGEN, and PAULSON, JJ., concur.