In the Matter of **RETAIL LIQUOR LICENSE NO. 15 and Beer License No. 15 Issued to Shirley Kilgore.**

**BOARD OF CITY COMMISSIONERS OF the CITY OF WILLISTON, a municipal corporation of the State of North Dakota, Plaintiff [Respondent Below] and Appellee,**

v.

**Shirley KILGORE, Defendant [Appellant Below] and Appellant.**

Civ. No. 9585.

Supreme Court of North Dakota.

Aug. 2, 1979.

John H. MacMaster, City Atty., Williston, and Gene M. Haugen, Williston, Sp. Counsel (on brief), for Bd. of City Commissioners; argued by MacMaster.

Hugh McCutcheon, of Bosard, McCutcheon, Kerian, Schmidt, Holum & Rau, Minot, for defendant [appellant below] and appellant.

VANDE WALLE, Justice.

This is an appeal by Shirley Kilgore from the judgment of the Williams County district court entered October 20, 1978, in which judgment the court affirmed the order of the Board of City Commissioners of the City of Williston revoking Kilgore's retail liquor and beer licenses. We reverse.

Pursuant to Section 5–02–11, N.D. C.C., an appeal from an order revoking a retail license is to follow the procedures set forth in the Administrative Agencies Practice Act, Chapter 28–32, N.D.C.C. Accordingly, this court will review the decision of the Board of City Commissioners pursuant to Section 28–32–19, N.D.C.C., and will affirm such decision only if the conclusions and decision of the Board are supported by its findings of fact and the findings of fact

are supported by a preponderance of the evidence. See *Wolf v. North Dakota Workmen's Compensation Bureau,* 267 N.W.2d 785 (N.D.1978); *Haugland v. North Dakota Employment Security Bureau,* 218 N.W.2d 181 (N.D.1974).

In all cases which may be appealed under the Administrative Agencies Practice Act it is necessary that findings of fact are drawn to indicate the underlying basis for the board's or agency's initial decision. In the instant case, no findings of fact were prepared by the Board. Consequently, the appeal process is seriously impeded. Although a remand for findings of fact would be appropriate, we believe that in this case it is not necessary for a proper disposition by this court. In order to avoid delay for the parties involved, we will not remand for findings of fact in this instance.[1]

Article II, Section 3.29, of the Williston City Code requires a person to obtain a local license in order to "sell, exchange, dispose of or keep for sale any intoxicating beverages, . . ."

Article II, Section 3.38, requires an applicant to be a resident of the city for at least 30 days prior to filing of the application. It provides, in pertinent part:

"No retail license or licenses shall be issued to any applicant unless he is a legal and bona fide resident and citizen of the state and has been a resident of the city for at least thirty (30) days prior to the filing of the application."[2]

Article II, Section 3.45, sets forth the causes for which a license may be revoked, canceled, or suspended. Those portions of Section 3.45 relevant to this appeal provide:

"Licenses issued pursuant to this chapter may be revoked, cancelled or suspended for the following causes:

. . . . .

"(e) When the licensee ceases to be a legal bona fide resident of the city.

. . . . .

"(h) When the licensee has made false statements in his application for license.

"Such causes as hereinbefore described shall not be deemed to be exclusive and such license may be terminated at any time by the board of city commissioners and such license revoked or suspended for any cause deemed by the board to be sufficient cause and justified by reason of public health or public morals. . . . ."

Kilgore contends on appeal that the provisions of the Williston City Code requiring an applicant to be a resident of the city are void because they are pre-empted by and are in conflict with the State licensing provisions. We do not agree with this contention.

Subsection 5 of Section 5–02–02, N.D. C.C., clearly demonstrates that the State has not pre-empted licensing of the sale of alcoholic beverages:

"No retail license shall be issued to any person unless the applicant shall file a sworn application, accompanied by the required fee, showing the following qualifications:

. . . . .

"5. Applicant for a state license must have first secured a local license."

Furthermore, Subsections 24 and 29 of Section 40–05–01, N.D.C.C., give the municipalities specific licensing authority as follows:

"The governing body of a municipality shall have the power:

. . . . .

"24. *Licenses.* To fix the amount, terms, and manner of issuing and revoking licenses;

. . . . .

"29. *Alcoholic beverages.* To regulate the use and to regulate and

---

1. Although we are not, today, remanding with instructions to prepare proper findings of fact, a remand for that purpose may very well be utilized in future cases where such remand is warranted.

2. Prior to an amendment effective July 1, 1976, this section required the applicant to be a resident of the city for at least *one year* prior to the filing of the application.

license the sale of alcoholic beverages subject to the provisions contained in title 5, Alcoholic Beverages; . . ."

■ We find no basis upon which to conclude that the Williston city residency requirements are pre-empted by, contrary to, or in conflict with the State licensing laws. We conclude that such city requirements are valid.

The notice of hearing alleged the following violations upon which revocation of Kilgore's licenses was sought:

"That you knowingly made false representations on your applications for said licenses for the purpose of inducing the Board of City Commissioners for the City of Williston to issue you licenses to sell alcoholic beverages and beer at retail, and that said false representations consisted of false information pertaining to your status as a legal bona fide resident of the City of Williston, when in truth and in fact you were a resident of Williston Township, Williams County, North Dakota."

A careful examination of the hearing transcript reveals the following pertinent facts: During July 1969 Kilgore purchased a home at 718 First Avenue East in Williston. She resided there through 1971 except for a time during that period when she leased the main floor and moved to California to do some research. During March 1974 Kilgore sold the house located at 718 First Avenue East, but she continued to rent a room in the basement of that house until April of 1977. Although Kilgore testified that she actually resided in that basement room, there is sufficient evidence in the record to support a finding that she used the room for storage only and that from April 1973 until April 1977 Kilgore resided in an apartment located outside the Williston city limits. Since April 1977 Kilgore has maintained her residence in an apartment at the Tiki Ark Lounge located in the city of Williston.

■ Kilgore contends on appeal that she did not make false statements on her license applications. We conclude that there is not a preponderance of evidence to support a finding that Kilgore made false statements on her applications.

The questions on the application forms provided by the City to Kilgore fail to inquire whether or not the applicant is a resident of the city of Williston and fail to inquire as to duration of an applicant's residency in the city of Williston. The questions are posed in such a manner that it was unnecessary for Kilgore to either reveal where she actually lived or to make false statements with regard to residence.

The 1973 beer license application form asks for the applicant's "Place of residence," to which Kilgore responded on the form, "Rt. 1, Box 73, Williston, N.D." On its face, this response clearly provides nothing more than a postoffice box mailing address. Although the response may inadequately answer the question on the application form, it does not represent false or fraudulent statements, since the evidence is undisputed that Kilgore did receive mail at such numbered box. The liquor license application form is even less specific, and the question thereon merely asks for the applicant's "Address." Kilgore responded to the question on the form, "Rt. 1, Box 73, Williston, N.D. 58801." This response may also have failed to provide the City with the residency information it sought. Because of the nature of the question on the application form, however, the response is neither a false nor fraudulent statement. In fact, the foregoing quoted responses provided by Kilgore on her applications were "red flag" indicators that further investigation or inquiry of Kilgore would be necessary to determine her place of residence, i. e., where she actually resided.

The annual retail liquor license renewal application form also asks only for the applicant's address. On the 1974 renewal application Kilgore listed her address as "Box 752, Williston." On the 1975 and 1976 renewal applications, Kilgore listed her address as "718 First Ave. East, Williston." The evidence is undisputed that Kilgore received mail at the postoffice box numbers

she listed on the original applications and the 1974 renewal application. The evidence is also undisputed that, at the very least, Kilgore rented a basement room for storage and also received some mail at the 718 First Avenue East address listed on the 1975 and 1976 renewal applications. Consequently, there is insufficient evidence to support a finding that Kilgore made false or fraudulent statements on her license applications. We conclude there is not a preponderance of evidence to support a finding that Kilgore made false or fraudulent statements to the Board of City Commissioners, and there is no basis in that regard to revoke her retail liquor and beer licenses.

Kilgore was issued a license for the year beginning July 1, 1977, and terminating on June 30, 1978, based upon a new application for retail liquor license filed by her on September 9, 1977. The evidence is undisputed that at the time this new application was filed Kilgore had established her residence at the Tiki Ark, located within the city of Williston. No allegation of false statements on this new application or other violation has been alleged. Kilgore contends that her current license based on the September 9, 1977, application is valid and no basis for revoking such license exists. We agree.

There is sufficient evidence to support a finding that as of April 27, 1973, the date Kilgore filed her original license applications, and thereafter, prior to April 1977, Kilgore was not a resident of the city of Williston. During that period of time Kilgore's licenses may have been subject to revocation for that reason, but not on the basis of false or fraudulent statements on her applications. We conclude, however, that because Kilgore was in compliance with the city residency requirement at the time she filed her 1977 license application and continues to be in compliance with such requirement, past noncompliance with the city residency requirement does not provide a basis upon which to revoke her current licenses—at least in this proceeding in which the City's notice of hearing alleges only false representations and information on her applications for licenses.

We hold that the evidence in the record is insufficient to support a determination by the Board of City Commissioners to revoke Kilgore's licenses. We hereby reverse the judgment of the district court and remand for reinstatement of Kilgore's retail liquor and beer licenses.

ERICKSTAD, C. J., and PEDERSON, PAULSON, and SAND, JJ., concur.