**CITY OF FARGO, Plaintiff and Appellee,**

v.

**WINDMILL, INC., Defendant and Appellant.**

**Civ. No. 10548.**

Supreme Court of North Dakota.

May 23, 1984.

Solberg, Stewart, Boulger & Miller, Fargo, on brief, for plaintiff and appellee.

Brian W. Nelson, Fargo, on brief, for defendant and appellant.

ERICKSTAD, Chief Justice.

This is an appeal from a judgment of the District Court of Cass County entered October 13, 1983, in which the court affirmed an order of the Board of City Commissioners of the City of Fargo suspending the on and off-sale liquor license of the Windmill, Inc., for a period of twelve consecutive business days. We affirm.

The City of Fargo has enacted an ordinance which provides grounds for the sus-

pension or revocation of a liquor license by the Board of City Commissioners.[1] It reads, in pertinent part:

"2. The commission may, in its discretion, suspend or revoke for cause any license issued under the provisions of this article. The grounds for suspension or revocation shall, among others, include the following: .

\* \* \* \* \* \*

"(b) An individual licensee, one of the partners in a partnership licensee, or one of the officers in a corporation licensee, or any individual in active management of the licensed business is convicted of violating any of the provisions of this article.

\* \* \* \* \* \*

"(f) The licensee conducts his business in a manner which results in, encourages or is conducive to the creation of disturbances of the peace, disorderly conduct or any other violations of federal, state and/or city laws." § 25–1512(2) City of Fargo Revised Ordinances.

These proceedings were initiated by the Chief of Police of the City of Fargo, Edwin R. Anderson, by his affidavit dated December 27, 1982, setting forth alleged violations by the Windmill of certain City ordinances concerning the sale, service, or consumption of alcoholic beverages after 1:00 a.m., and the selling, serving, or dispensing of alcoholic beverages to persons under 21 years of age. In a letter addressed to the Board of City Commissioners dated November 30, 1982, Chief Anderson recommended that the Board suspend the Windmill's liquor license.

The Windmill was served notice of a hearing scheduled January 11, 1983, before the Board to consider the suspension or revocation of its license and was also provided a document entitled "Specifications Of Charges," in which alleged violations to be presented to the Board were set forth as follows:

"1. That on the 23rd day of May, 1982, the Windmill, Inc., violated Article 25–1509(6) [City of Fargo Revised Ordinances] in selling, serving, consuming, or permitting to be sold, served or consumed, alcoholic beverages on the licensed premises after 1:00 a.m. ...

"2. That on Sunday, May 30, 1982, the Windmill, Inc., violated Article 25–1509(6) in selling, serving, consuming, or permitting to be sold, served or consumed, alcoholic beverages on the licensed premises after 1:00 a.m. ...

"3. That on the 25th day of July, 1981, the Windmill, Inc., violated Article 25–1509 of the Fargo ordinances concerning the selling, serving or dispensing of alcoholic beverages to persons under 21 years of age or permitting the same to be done upon the licensed premises...."

The parties agreed that the City was to proceed under subsection (2)(f) of Fargo Ordinance 25–1512 and that testimony elicited at the hearing would be limited in scope to the alleged violations by the Windmill of City law as set forth in the "Specifications Of Charges."

The first witness called by the City testified that he, being 19 years of age on July 25, 1981, entered the Windmill on that date, was served liquor (five or six drinks), and was arrested for, and subsequently pled guilty to, the charge of minor entering a liquor or beer establishment. The witness testified that there were no "door checkers" at the entrance to the Windmill, nor was he asked for identification before being served.

Officer Jeff Frankhauser of the Fargo Police Department testified that early Sunday, May 23, 1982, at 1:40 a.m., he observed, while on routine patrol duty, several vehicles in the parking lot of the Windmill. Officer Frankhauser entered the establishment through an unlocked door and

---

**1.** The governing body of a municipality has the power, subject to the provisions contained in Title 5, N.D.C.C., to regulate and license the sale of alcoholic beverages. § 40–05–01(29), N.D.

C.C. A municipality is also empowered to fix the manner of issuing and revoking licenses. § 40–05–01(24), N.D.C.C.

observed approximately twenty persons seated at the bar counter or at a table. Several persons had beer bottles or bar glasses in their hands.

Officer Frankhauser also testified that on the following Sunday, May 30, 1982, at 1:40 a.m., he again observed several vehicles in the parking lot of the Windmill. The front door of the establishment was propped open. He walked in and observed ten persons at the bar counter with beer bottles and bar glasses in their hands or on the counter. Two persons, each with a fifth of liquor in his hand, were behind the bar counter. Officer Frankhauser also observed several persons seated around a table in a gaming room. Officer Frankhauser observed one person drinking out of a beer bottle as he walked into the room.

The Windmill's counsel, in eliciting testimony from Chief Anderson, brought out the fact that the Windmill had been fined in municipal court as a result of the incidents related by Officer Frankhauser:

"Q. And the other two instances the Windmill was fined in City Court, is that correct?

"A. Right.

"Q. And it's now on appeal? So okay. In addition to the trial and the fine in City Court, you think a suspension of their license would be appropriate?

"A. I think our policy's always been that anytime we have a conviction in court, it always goes to the City Commission.

The Windmill's counsel objected before the Board to the application of Fargo Ordinance 25-1512(2)(f) as being unconstitutionally vague. The Board thereafter voted to suspend the Windmill's liquor license for twelve consecutive business days.

The Windmill appealed the decision of the Board to the district court pursuant to Section 5-02-11, N.D.C.C., contending that Fargo Ordinance 25-1512(2)(f) is unconstitutionally vague and overbroad on its face and as applied to the facts of this case, and that the application of said ordinance to the facts of this case constituted selective law enforcement.

Under Section 5-02-11, an appeal from an order suspending a retail license is governed by the procedures set forth in the Administrative Agencies Practice Act, Chapter 28-32. *In re Retail Liquor License No. 15*, 283 .N.W.2d 170, 171 (N.D. 1979). In its memorandum opinion dated October 6, 1983, the district court determined that the ordinance in issue provides fair warning of the conduct proscribed and that the defendant failed to prove that it had been arbitrarily singled out for prosecution while others similarly situated were not prosecuted for similar conduct. The court also concluded that the evidence presented at the hearing constituted clear and convincing proof of repetitive conduct warranting a suspension of the Windmill's liquor license. Judgment was entered affirming the Board's decision.

 Our review of a judgment of the district court in an appeal from a decision of an administrative agency is governed by Section 28-32-19, N.D.C.C. It reads, in pertinent part:

"The court shall try and hear an appeal from the determination of an administrative agency without a jury and the evidence considered by the court shall be confined to the record filed with the court.... After such hearing, the court shall affirm the decision of the agency unless it shall find that any of the following are present:

1. The decision or determination is not in accordance with the law.

2. The decision is in violation of the constitutional rights of the appellant.

&ast; &ast; &ast; &ast; &ast; &ast;

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions and decision of the agency are not supported by its findings of fact." [2]

2. In the instant case, no findings of fact or conclusions of law were prepared by the Board

When a constitutional question is raised before the district court in a case where the Administrative Agencies Practice Act applies, we determine whether or not the court properly decided the question. *See Johnson v. Elkin*, 263 N.W.2d 123 (N.D. 1978).[3]

■ The Windmill's brief to this court does not contain a statement of the issues presented for review as required by Rule 28(a)(2), N.D.R.App.P. In *City of Minot v. Central Avenue News, Inc.*, 325 N.W.2d 243, 244 (N.D.1982), we said that lawyers engaged in appellate practice should examine the explanatory note to Rule 28, N.D.R. App.P., which reads, in pertinent part:

"With the elimination of the assignment of errors, the correct statement of the legal issues is doubly important. Each legal issue should be stated as a question of law sufficiently specific to allow the court to understand the precise issue presented."

The Windmill merely asserts that the district court erred in not properly giving full consideration to the questions of vagueness and overbreadth. The Windmill's brief contains no argument concerning the selective law enforcement issue. For this reason we treat the latter issue as abandoned. *State v. Gann*, 244 N.W.2d 746, 748 (N.D.1976); *Regent Cooperative Equity Exchange v. Johnston's Fuel Liners, Inc.*, 122 N.W.2d 151, 155–56 (N.D. 1963).

Only a fleeting reference is made to the overbreadth challenge in our court. The district court did not discuss the overbreadth challenge, apparently because the trial court brief submitted by the Windmill addressed only the vagueness and selective law enforcement issues. We will briefly address the vagueness challenge to Fargo Ordinance 25–1512(2)(f).

A pertinent excerpt from the memorandum opinion of the district court reads as follows:

"[I]f the licensee conducts his business in such a manner as to violate *any* 'federal, state, or city laws,' or any combination thereof, hearing may be held and the licensee's liquor license suspended or revoked. Reasonable people of common intelligence cannot differ as to the fact that the licensee is not allowed to conduct business on his premises in such a manner as to result in violation of any written governmental laws of which every individual is presumed to have knowledge. Simply put, the licensee is on notice that it must not conduct business so as to lead to violations of law .... In the instant case the Appellant, for whatever reason it had, took a risk in submitting the fact that it had conducted its business in such a manner that it suffered conviction on two of the charges. Thus, the Appellant clearly and conclusively demonstrated that its conduct was in violation of law as contemplated by the clear terms of the ordinance."

to indicate the underlying basis for its decision. In *Retail Liquor License No. 15, supra*, 283 N.W.2d at 172, we said that the failure by a board or agency to prepare findings of fact seriously impedes the appellate process and, although we found that a remand for such findings was not necessary for a proper disposition of that case, noted that a remand with instructions to prepare proper findings of fact may very well be utilized in future cases where such remand is warranted. In the instant case, the "Specifications Of Charges" and transcript of the hearing before the Board clearly reveal the underlying basis and grounds relied upon by the Board in reaching its decision. Thus, in the interest of avoiding delay, we will not remand for findings of fact.

3. Although a board of city commissioners is not an administrative agency as described in Section 28–32–01, N.D.C.C., the appeal procedure set forth in Ch. 28–32 applies pursuant to Section 5–02–11.

Section 5–02–11 reads as follows:

"If after such hearing the attorney general or local governing body finds the violation charged in the affidavit has been proved by the evidence, an order shall be served on the licensee revoking or suspending his license for a period of time. Such action may be appealed to the district court by following the appeal procedure set forth in chapter 28–32, except that the order revoking or suspending the license shall be inoperative while the appeal is pending."

The Windmill argues that the district court appears to have said that "subsection (2)(f) was violated because subsection (2)(b) was violated." It argues that at the time of the suspension hearing, the two convictions referred to by the district court were in the process of being appealed and that subsection (2)(f) requires "violation*s*" of city laws; therefore, the district court's discussion of the vagueness and overbreadth issues, based on the Windmill conducting its business "in a manner which results in ... any violations of ... city laws," was improper. The Windmill contends that the district court did not specifically address the vagueness and overbreadth issues in conjunction with the remaining language of subsection (2)(f)— "The licensee conducts his business in a manner which ... *encourages or is conducive to the creation of disturbances of the peace [or] disorderly conduct ...*" [emphasis added]. The Windmill cites no authority in its brief to support its position.

■ "[V]agueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *United States v. Mazurie,* 419 U.S. 544, 550, 95 S.Ct. 710, 714, 42 L.Ed.2d 706 (1975). *See also Village of Hoffman Estates v. Flipside,* 455 U.S. 489, 495, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982); *United States v. Powell,* 423 U.S. 87, 92–93, 96 S.Ct. 316, 319–20, 46 L.Ed.2d 228 (1975). We have carefully reviewed the evidence presented before the Board and conclude, as did the district court, that there is a preponderance of evidence to support a finding that the Windmill conducts its business in a manner which results in violations of city laws, as contemplated by the clear terms of Fargo Ordinance 25–1512. The facts show that, on the licensed premises, a person under 21 years of age was served alcoholic beverages and alcoholic beverages were allowed to be consumed after 1:00 a.m. This is clearly the type of conduct constituting grounds for the suspension or revocation of a liquor license as provided in the ordinance. "One to whose conduct a statute clearly applies may not successfully challenge it for

vagueness." *Parker v. Levy,* 417 U.S. 733, 756, 94 S.Ct. 2547, 2561, 41 L.Ed.2d 439 (1974).

It was not necessary for the district court to decide whether or not the language "encourages or is conducive to the creation of disturbances of the peace [or] disorderly conduct" is vague. "A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to others." *Village of Hoffman Estates v. Flipside, supra.*

The judgment is affirmed.

VANDE WALLE, PEDERSON and GIERKE, JJ., concur.

SAND, Justice, concurring specially.

I concur in the result reached which, in my opinion, can be accomplished without resort to the rationale expressed on constitutional issues in *Johnson v. Elkin,* 263 N.W.2d 123 (N.D.1978). I adhere to my dissent therein.